IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ARK-LA-TEX WELL SERVICE, LLC                                              PLAINTIFF

VS.                                   CASE NO. 09-CV-4135

BITUMINOUS CASUALTY CORPORATION                                DEFENDANT

### MEMORANDUM OPINION

Before the Court is a Motion for Partial Summary Judgment filed by Defendant, Bituminous Casualty Corporation ("Bituminous"). (Doc. 18). Plaintiff, Ark-La-Tex Well Service, LLC, ("the Well Service") has responded. (Doc. 21). Bituminous has filed a reply. (Doc. 24). The Court finds the matter ripe for consideration.

### BACKGROUND

Bituminous issued a Commercial Liability Policy, number CLP 3 254 117 B, to the Well Service, which covered a workover rig owned by the Well Service in Miller County. The Well Service filed a claim under the policy on April 14, 2009, reporting that a tornado or high winds had caused damage to the rig. On April 30, 2009, Bituminous hired an appraiser, Gary Buie, to inspect and appraise the workover rig. Buie valued the rig at $235,332. Bituminous offered $235,332 less a $5,000 deductible to the Well Service on May 12, 2009, to settle its loss claim. The Well Service refused to settle for the amount offered by Bituminous. The Well Service then obtained its own appraisal of the rig from Gene McElroy, who valued the rig at $650,000. On June 11, 2009, Bituminous tendered to the Well Service $230,332 for the rig. The Well Service filed suit against Bituminous on November 16, 2009, alleging breach of contract and the tort of bad faith. Presently before the Court is a Motion for Partial Summary Judgment filed by Bituminous, in which it argues

that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on the bad faith claim.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) states that rendering summary judgment against a party is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008) (quoting *F.D.I.C. v. Bell*, 106 F.3d 258 (8th Cir. 1997)). Nevertheless, the "'nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial.'" *Id*. There must be evidence on which the jury could reasonably find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505 (1986).

## DISCUSSION

Bituminous asserts that it did not act in bad faith in processing and attempting to settle the Well Service's property damage claim. "An insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *State Auto Property and Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 56, 991 S.W.2d 555, 559 (1999). The Arkansas Supreme Court has defined "bad faith" as "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Id*. The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative conduct on the part of the insurer, without a good faith defense. *Id*.; *R.J. "Bob"*

*Jones Excavating Contractor, Inc. v. Firemen's Ins. Co.*, 324 Ark. 282, 289, 920 S.W.2d 483, 487 (1996).

Here, the Well Service's claim regarding bad faith centers on Bituminous's refusal to pay the Well Service what it believed to be the value of the rig.. The two appraisers' values of the rig differed significantly, and there was a legitimate factual dispute between the parties regarding the true value of the rig. Bituminous's $230,332 settlement offer to the Well Service was based on the value assigned to the rig by its hired appraiser, Gary Buie. Likewise, Bituminous's refusal to pay the Well Service's demand of $650,000 was also based on Buie's appraisal. Moreover, even after the Well Service rejected Bituminous's settlement offer, Bituminous paid out $230,332 to the Well Service for the rig. Bituminous's conduct here is simply not the sort of malicious affirmative misconduct that gives rise to a cause of action in tort for bad faith.

The Well Service's arguments that Bituminous acted in bad faith are as follows: (1) Bituminous stated that it expected to be sued on May 12, 2009 and thus knew that its $230,332 settlement offer was unfair and inadequate; and (2) Bituminous, during the course of discovery, refused to produce a copy of its claims file to the Well Service based on work product privilege and other things. However, none of the evidentiary items presented to the Court–the pleadings and answers to interrogatories–indicate that Bituminous engaged in affirmative conduct that was malicious, dishonest, or oppressive in order to avoid paying the Well Service's claim. The Well Service cannot say that Bituminous knew its settlement offer was inadequate when Bituminous has a legitimate basis for its offer. Further, the refusal of Bituminous to produce its claim file is not evidence of bad faith when Bituminous claimed that it was privileged. If the Well Service doubted Bituminous's privilege claim, the Well Service could have filed a motion to compel regarding the claim file.

Despite the Well Service's claim that Bituminous acted in fad faith, there is simply no evidence of any such ill will on the part of Bituminous. Without any evidence of malice or ill will on the part of Bituminous, its failure to pay the Well Service's $650,000 demand does not amount to the tort of bad faith. *See Reynolds v. Shelter Mut. Ins. Co.,* 313 Ark. 145, 148, 852 S.W.2d 799, 801 (1993). Accordingly, Bituminous has met its burden of establishing a lack of a genuine issue of material fact and entitlement to judgment as a matter of law on the bad faith claim.

## CONCLUSION

Upon consideration, the Court finds that the Motion for Partial Summary Judgment filed by Bituminous Casualty Company should be and hereby is **GRANTED**. Ark-La-Tex Well Service, LLC's bad faith claim against Bituminous Casualty Company is hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 14th day of December, 2010.

    /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge